UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NINA I. COLE, Plaintiff,

v. Civil Action No. 3:14-cv-381-DJH

MEDTRONIC, INC., et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**[1]

This case was removed from Jefferson Circuit Court on May 19, 2014. Three and a half months later, Plaintiff Nina I. Cole filed a motion to remand (Docket No. 9), arguing that the Court lacks subject matter jurisdiction. Because the Court possesses diversity jurisdiction, the motion to remand will be denied.

I. BACKGROUND

According to the complaint, Cole was injured by a product called Infuse Bone Graft, which is "a genetically engineered material containing a bone morphogenetic protein ('rhBMP-2')" used "to help fuse the vertebrae in the spine as part of [a] spinal fusion surgery." (D.N. 1-2 at 15 ¶ 70) Infuse is designed, manufactured, and marketed by Defendant Medtronic Sofamor Danek USA, Inc., a division of Defendant Medtronic, Inc. (collectively referred to herein as Medtronic). (*Id.* at 2 ¶ 2) It was implanted in Cole's spine during a spinal fusion procedure at Norton Hospital in November 2012. (*Id.* at 79 ¶ 275) This use of Infuse was "off-label," meaning that it was an application of the product not approved by the Food and Drug Administration. (*Id.*; *see id.* at 21 ¶ 104) Cole alleges that as a result of the off-label use of

---

[1] The Court has entered substantially similar decisions in *Fryrear v. Medtronic, Inc.*, Civil Action No. 3:14-58-DJH, and *Molina v. Medtronic, Inc.*, Civil Action No. 3:14-78-DJH, on this date.

Infuse, she developed "uncontrolled bone growth . . . and resulting nerve compression" near the site where Infuse was implanted. (*Id.* at 79 ¶ 279)

Cole further alleges that Medtronic knew off-label use of Infuse was dangerous but nevertheless actively promoted off-label applications, including to Cole's surgeon. (*See, e.g.*, *id.* at 10 ¶¶ 42-48) She asserts a variety of fraud and products-liability claims against Medtronic, as well as medical negligence by Norton Hospital. In addition to damages for past and future medical expenses, pain and suffering, and lost wages, she seeks punitive damages. (*See id.* at 81-94)

Medtronic removed this case on the bases of federal question and diversity jurisdiction. (*See* D.N. 1 at 3-16) As the Court concludes that the prerequisites for diversity jurisdiction are satisfied, only the latter requires analysis.[2]

## II.   ANALYSIS

According to Cole, diversity jurisdiction is lacking for three reasons: first, the presence of a Kentucky defendant violates the forum-defendant rule; second, Medtronic did not obtain unanimous consent to removal; and third, Medtronic has not established that the amount in controversy exceeds the jurisdictional threshold. The first two arguments are untimely, and the third is unpersuasive.

### A.   Cole has waived her objections to procedural defects in removal.

Cole's contentions regarding the forum-defendant rule and the rule of unanimity appear to have merit. Unfortunately, they come too late.

---

[2] In several cases involving nearly identical claims against Medtronic, the Court found no substantial federal question warranting the exercise of federal jurisdiction. *See, e.g.*, *Hardy v. Medtronic, Inc.*, 41 F. Supp. 3d 571, 578-82 (W.D. Ky. 2014).

2

### 1.     Forum-defendant rule

The forum-defendant rule, found in 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Cole argues that remand is necessary under this rule because Defendant Norton Hospitals, Inc. is a citizen of Kentucky. She contends that Medtronic attempted to dodge the forum-defendant rule by filing its notice of removal before Norton Hospital had been served with the complaint. (*See* D.N. 9-1 at 8-11)

The Court found this argument persuasive in similar cases. *See, e.g.*, *Padgett v. Medtronic, Inc.*, 41 F. Supp. 3d 582, 586-89 (W.D. Ky. 2014). Here, however, Cole missed her opportunity to seek remand on this ground because she filed her motion to remand well beyond the statutory deadline. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The statute thus draws "a distinction . . . between defects in removal procedure, which are waived unless raised in a plaintiff's motion within thirty days after removal, and lack of subject matter jurisdiction, which requires the court to remand at any time prior to final judgment." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). The Sixth Circuit has held that the forum-defendant rule is procedural and will be waived if not raised in a timely motion to remand. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) (citing *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979)). Thus, by waiting several months to challenge removal, Cole has waived her right to remand for violation of the forum-defendant rule.

## 2.     Rule of unanimity

Cole also contends that Medtronic's removal of this case violates the rule of unanimity set forth in 28 U.S.C. § 1446 because Norton Hospital did not timely consent to removal.[3] Pursuant to § 1446(b)(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Again, the parties dispute the significance of the fact that Norton Hospital was not served prior to removal. (*See* D.N. 9-1 at 12-14; D.N. 10 at 32-33) The Court need not address this issue, however, because like the forum-defendant rule, the rule of unanimity is procedural and must be raised within thirty days of removal. *Loftis*, 342 F.3d at 516-17. Cole has therefore waived this argument as well. *See id.*

### B.     The amount-in-controversy requirement is satisfied.

Diversity jurisdiction exists under 28 U.S.C. § 1332(a) only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Where removal is based on diversity jurisdiction and the complaint does not demand a specific sum, the Court must find, "by the preponderance of the evidence," that the jurisdictional minimum is met. 28 U.S.C. § 1446(c)(2)(B). The burden is on the removing party to make this showing. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). However, the removing party need not "'prov[e], to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1991)). Rather, if a "fair

---

[3] All defendants must consent to removal within thirty days of receiving the initial summons or a document "from which it can be ascertained that a previously unremovable case has become removable." *Loftis v. UPS, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Norton Hospital filed a notice of consent to removal on September 4, 2014. (D.N. 8) Cole maintains that all defendants in the case were served "within days of removal." (D.N. 9-1 at 9) Whether the hospital's consent was timely is irrelevant, however, as Cole's objection unquestionably is not.

4

reading" of the complaint shows that more than $75,000 is in controversy, the requirement is satisfied. *Id.* at 573; *see id.* at 571 ("[Defendant] properly relied on the extensive relief sought by Plaintiffs in their original complaint when meeting its burden to show, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction had been met.").

In accordance with Kentucky law, Cole's complaint does not state a specific amount of damages sought. *See* Ky. R. Civ. P. 8.01(2). Medtronic nonetheless asserts that the amount in controversy exceeds $75,000 based on the allegations of Cole's complaint, which include "severe injuries and damages, including but not limited to chronic pain and radiculitis, and emotional distress and mental anguish"; "economic losses, including loss of earnings and diminution of the loss of earning capacity"; and expected future medical expenses. (D.N. 1 at 5 (internal quotation marks omitted)) Medtronic observes that Cole alleges "serious injuries of a personal and pecuniary nature from approximately November 15, 2012 to the present." (*Id.* (internal quotation marks omitted))

Medtronic also points to Cole's claim for punitive damages. (*See id.* at 5-6) The Court must consider punitive damages when making the amount-in-controversy determination "'unless it is apparent to a legal certainty that such cannot be recovered.'" *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). No such finding can be made here.

Under Kentucky law, punitive damages are available in products-liability cases. *Sufix, U.S.A. Inc. v. Cook*, 128 S.W.3d 838, 840 (Ky. Ct. App. 2004). Section 411.186 of the Kentucky Revised Statutes lists factors to be considered in assessing punitive damages. Cole's extensive allegations of wrongdoing touch on nearly all of the statutory factors, including Medtronic's awareness that its misconduct would likely give rise to serious harm; the duration of the

5

misconduct (allegedly more than a decade); and the profitability of the misconduct to Medtronic (allegedly billions of dollars). *See* KRS § 411.186(2) (listing factors). In short, it is far from a legal certainty that punitive damages are unrecoverable in this case. *See Hayes*, 266 F.3d at 572.

Based on a fair reading of the complaint, the Court concludes that it is more likely than not that the amount in controversy exceeds $75,000. The alleged injuries—complications of spine surgery that could require further surgery to repair—are by nature serious, complex, and expensive to treat. (*See, e.g.*, D.N. 1-2 at 22 ¶ 107 (describing clinical trials in which off-label applications of rhBMP-2 resulted in "uncontrolled bone growth . . . in a number of the patients," sometimes "necessitating difficult revision surgeries to remove the bone overgrowth"); *id.* at 25 ¶ 120 (describing study that found "an approximate 41% increase in hospital charges" resulting from postoperative complications of spinal surgeries involving bone morphogenetic proteins)) Cole claims to have been suffering from these injuries for a year and a half, and she anticipates future losses. *Cf. Fisher v. May*, No. 3:11-CV-592, 2012 U.S. Dist. LEXIS 75388, at *5 (W.D. Ky. May 31, 2012) (finding it "perfectly reasonable to apply a ratio of 5 to 1 for awards of pain and suffering in comparison to medical expenses to determine the amount in controversy" and noting that Kentucky courts have upheld much higher awards). Given these allegations and the potential for a large award of punitive damages, the Court is confident that the case involves more than $75,000.[4] Because the amount-in-controversy requirement is met and complete

---

[4] Notably, Cole does not contend that her case involves less than $75,000; rather, she merely argues that Medtronic hasn't proved otherwise. (*See, e.g.*, D.N. 9-1 at 11 ("[D]iversity jurisdiction does not exist because Medtronic has not proven the amount-in-controversy requirement.")) Further, while not dispositive, the fact that Cole declined to stipulate that the amount in controversy does not exceed $75,000 (*see* D.N. 10 at 17-18) also suggests that the jurisdictional minimum is met. *Cf. Hayes*, 266 F.3d at 573.

diversity of citizenship exists among the parties (*see* D.N. 1 at 3-4), the Court has jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Cole might have prevailed had she sought remand sooner. However, she waited too long to raise her procedural challenges to removal, and the Court has diversity jurisdiction over this action. Accordingly, it is hereby

**ORDERED** that Cole's Motion to Remand (D.N. 9) is **DENIED**.

April 13, 2015

                                             **David J. Hale, Judge**
                                         **United States District Court**